IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MESHELLE SETTLES, et al., | ) | CASE NO: 8:21-cv-181 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ANSWER AND** |
| | ) | **DEMAND FOR A JURY TRIAL** |
| JEFFREY VAUGHN, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Defendant Jeffrey Vaughn, in his individual capacity, and in response to the Plaintiffs' Complaint (Doc. # 1) states and alleges as follows:

### PARTIES and JURISDICTION

1. The Defendant admits that Meshelle Settles and Elijah Kamara are residents of Dubuque County, Iowa.

2. The Defendant admits that Jeffrey Vaughn is a law enforcement officer employed by the City of Omaha Police Department, and was so employed during all relevant times and that he was acting under color of state law at all times material to the above captioned action.

3. The Defendant admits that jurisdiction over the Plaintiffs' Complaint is proper pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

### REMAINING ALLEGATIONS OF PLAINTIFF'S AMENDED COMPLAINT

4. The Defendant specifically denies each and every remaining allegation in the Plaintiffs' Complaint (Doc. # 1) and demands strict proof thereof, except those allegations that constitute admissions against the Plaintiff's interests.

### AFFIRMATIVE DEFENSES

For further Answer and response, the Defendant affirmatively alleges:

5. Officer Vaughn was conducting traffic enforcement and drug interdiction efforts on Interstate 80 on June 24, 2020.

- 2 -

6. While working in his official capacity with the City of Omaha Police Department, Officer Vaughn observed the driver of Silver Chevrolet Malibu violate a State of Nebraska traffic law, and he made a valid traffic stop.

7. Officer Vaughn could not tell the sex, age, or race of the occupants of the vehicle until the vehicle pulled over on the side of the Interstate and he made contact with the driver at the driver side window.

8. During the traffic stop, Officer Vaughn ask the driver (Plaintiff Settles) to exit the vehicle to question her. He asked her to sit in his cruiser while he talked to the passenger (Plaintiff Kamara). Plaintiff Settles refused to sit in the cruiser, so she stood on the side of the Interstate.

9. Officer Vaughn also made contact with the passenger (Plaintiff Kamara) and asked for his driver's license. Despite multiple advisories telling Plaintiff Kamara to stay in the vehicle, Kamara kept trying to get out of the car. Officer Vaughn had to physically shut the door and hold it closed with both hands.

10. When Kamara refused to listen to the lawful commands of the law enforcement officer, and fearing for his safety, Officer Vaughn drew his weapon at Plaintiff Kamara. Officer Vaughn retreated to the rear of the vehicle and called for backup. Vaughn continued to move away from the vehicle and when he was approximately 25 feet away, he lowered his gun and waited for backup to arrive.

11. Plaintiff Settles was ultimately given a Courtesy Citation (aka a warning) and was not required to appear for court or issued any fines.

12. Plaintiffs' vehicle was not searched.

13. The Defendant affirmatively alleges that the Plaintiffs have failed to state a claim upon which relief may be granted and that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

14. The Defendant affirmatively alleges that at all times material herein the Defendant acted in good faith and without malice, performed his duties with the reasonable belief that his actions were authorized and in accord with existing law and authority, and he is entitled to qualified immunity from liability for such actions.

15. The Defendants affirmatively allege that the direct and proximate cause of any injury suffered by either Plaintiff was a result of that Plaintiff's own intentional or negligent actions over which the Defendants had no control or authority.

WHEREFORE, the Defendant Jeffrey Vaughn, in his individual capacity, prays that the Plaintiffs' Complaint (Doc. # 1) be dismissed with prejudice, at Plaintiffs' costs, and for such other and further relief as the Court deems appropriate.

**DEFENDANT DEMANDS A JURY TRIAL IN OMAHA, NEBRASKA.**

Respectfully submitted this 28th day of June, 2021.

> JEFFREY VAUGHN, in his individual capacity, Defendant.
>
> By: s/ MICHELLE PETERS
>     MICHELLE PETERS, No. 20021
>     Deputy City Attorney
>     RYAN J. WIESEN, No. 24810
>     Assistant City Attorney
>     Omaha/Douglas Civic Center
>     1819 Farnam Street, Suite 804
>     Omaha, Nebraska 68183
>     Telephone: (402) 444-5115
>     Fax: (402) 444-5125
>     Michelle.peters@cityofomaha.org
>     Ryan.Wiesen@cityofomaha.org
>     Attorneys for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2021, I electronically filed the foregoing **ANSWER** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record in the above captioned case registered with the system.

> s/ Ryan J. Wiesen
> Assistant City Attorney